IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUG 28 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| SBJ HOLDINGS 1, LLC | § | |
| | § | |
| V. | § | Case Number: A07 MC 729 SS |
| | § | |
| NETFLIX, INC., AMAZON.COM, INC., | § | (U.S.D.C. - Eastern District of Texas) |
| and BORDERS GROUP, INC. | § | |

## THIRD PARTY VIGNETTE CORPORATION'S MOTION FOR PROTECTION AND TO MODIFY SUBPOENA ISSUED BY DEFENDANTS PURSUANT TO RULE 45C

Third party Vignette Corporation files this Motion for Protection and to Modify the Subpoena Issued by Defendants pursuant to Rule 45(c).

### I.   Introduction

Vignette was served with the subpoena attached as Exhibit A on August 8, 2007. Due to a mix-up in the Vignette corporate office, counsel for Vignette did not receive this subpoena until the afternoon of August 28, 2007, which is the deadline for compliance in the subpoena. Counsel for Vignette called the counsel who served this subpoena, explained that the undersigned received this subpoena on the afternoon of August 28, and requested an extension. Counsel for Defendants would not agree to allow Vignette to assert any objections to the request or clarify the scope, and would not agree to an extension unless counsel for Vignette would promise to provide all of the documents requested. There was no time for even a cursory review of the underlying lawsuit and how, if at all, Vignette's documents may be relevant to the issues in such lawsuit.

### II.   Argument

The subpoena asks that certain identified documents be produced by August 28, 2007. Vignette moves for protection from and modification of the subpoena in accordance with

AUS01:477333.1

Rule 45(c)(3)(A) because the subpoena fails to allow reasonable time for compliance, subjects Vignette to an undue burden, and requires disclosure of privileged and other protected matters.

The subpoena seeks overly broad categories of documents that were created prior to December 5, 1998. Documents that were created almost 10 years ago are not readily accessible and require additional time to attempt to locate.

In addition, the subpoena seeks overly broad categories of information such as all documents relating to the research, design, development, implementation, operation, evaluation, or testing of one of Vignette's products called Storyserver, including among many other items, specifications, programmer guides, operating handbooks, schematics, source code, object code, test plans, and test documents. Twenty days is simply not enough time to gather all of the requested documents.

The Storyserver product was the only product offered by Vignette for several years, and this subpoena therefore appears to seek almost every document that was generated by Vignette in the first few years of its existence. This subpoena therefore subjects Vignette to an undue burden and does not allow reasonable time for compliance. Based on an initial review of the subpoena, it appears that the subpoena seeks thousands, if not tens of thousands, of documents.

The subpoena also seeks confidential and trade secret information such as source code. The subpoena may also seek privileged information such as all communication relating to any issue in this lawsuit or to the Storyserver.

Vignette understands that more than 14 days has passed since it was served. However, Vignette asserts the following objections to the document requests:

1. They are overbroad in both time and subject matter.

2. They seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3. They seek confidential, trade secret information.

4. They may seek privileged information.

5. They are unduly burdensome.

6. They are vague and ambiguous.

### III.   Conclusion & Prayer

Because the subpoena fails to allow a reasonable time for compliance, requires disclosure of privileged and other protected material, and subjects Vignette to an undue burden, Vignette seeks protection from this Court and an order modifying this subpoena to require that only non-privileged, relevant documents that can be identified without an undue burden to Vignette be produced within 30 days of the Court's order. Vignette also seeks an order of protection for its confidential, trade secret documents. Vignette requests that the Court issue an order in the form of the submitted proposed order

Respectfully submitted,

BAKER BOTTS L.L.P.

By: *Allison Bowers*
Allison Bowers
State Bar No. 24006170
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701-4039
(512) 322-2500
(512) 322-2501 (Facsimile)

ATTORNEYS FOR DEFENDANT VIGNETTE CORPORATION

## CERTIFICATE OF CONFERENCE

On this date, I conferred with Ryan Tyz, counsel who issued the subpoena, regarding the subject matter of this motion and the parties were unable to reach an agreement.

_____
Allison Bowers

## CERTIFICATE OF SERVICE

The undersigned certifies that a true, correct and complete copy of the foregoing instrument was served on the following persons on the 28 day of August, 2007. Counsel for all parties will be served with this motion once Vignette counsel is able to ascertain the names and numbers of counsel for the parties.

| | |
|---|---|
| Blake C. Erskine<br>Erskine & McMahon, LLP<br>521 North 2nd Street<br>P.O. Box 3485<br>Longview, TX  75606<br>Phone:  903.757.8435<br>Fax:  903.757.9429 | *By Fax* |
| Ryan A. Tyz<br>Fenwick & West LLP<br>Mountain View<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA  94041<br>Phone:  650.988.8500<br>Fax:  650.938.5200 | *By Fax* |

_____
Allison Bowers