SBJ Holdings 1, LLC v. Netflix, Inc. et al

Doc. 1 Att.

A

Dockets.Justia.co

DELIVERED THIS 8th DAY OF 8/07
BY Mike Sallo SCH-1630
PROFESSIONAL CIVIL PROCESS

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Western DISTRICT OF Texas

SBJ HOLDINGS 1, LLC

V.

NETFLIX, INC., AMAZON.COM, INC., BARNESANDNOBLE.COM, LLC, and BORDERS GROUP, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:07-CV-120-TJW (U.S.D.C. Eastern - Texas)

TO: Vignette Corporation
1301 S. MoPac Expressway #100
Austin, TX 78746-6947

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Attachment A

| PLACE | DATE AND TIME |
| --- | --- |
| Vignette Corporation<br>1301 S. MoPac Expressway #100<br>Austin, TX 78746-6947 | August 28, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Blake C. Erskine<br>Attorney for NETFLIX, INC. & AMAZON.COM, INC. | August 7, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Blake C. Erskine, Erskine & McMahon, LLP, P.O. Box 3485, Longview, Texas 75606
(903) 757-8435

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) — MANNER OF SERVICE

SERVED BY (PRINT NAME) — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ DATE

______________________ SIGNATURE OF SERVER

______________________ ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. [illegible]

(2) (A) [illegible]

(B) Subject to paragraph (d)(2) of this rule, [illegible]

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, [illegible]

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information [illegible] resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena [illegible]

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) [illegible]

(C) [illegible]

(D) [illegible]

(2) (A) [illegible]

(B) [illegible]

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. [illegible] clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A TO SUBPOENA TO VIGNETTE CORPORATION

## DEFINITIONS

A. "VIGNETTE," "YOU" and "YOUR" as used herein, means Vignette Corporation and any parent entities, subsidiaries, divisions, affiliates, branches, wholly or partly owned entities of VIGNETTE, any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

B. "SBJ" as used herein, means the named plaintiff SBJ HOLDINGS 1, LLC, and any parent entities, subsidiaries, divisions, affiliates, branches, wholly or partly owned entities of SBJ, any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

C. "NETFLIX" as used herein, means one of the named defendants Netflix, Inc., and any parent entities, subsidiaries, divisions, affiliates, branches, wholly or partly owned entities of NETFLIX, any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

D. "AMAZON" as used herein, means one of the named defendants Amazon.com, Inc., and any parent entities, subsidiaries, divisions, affiliates, branches, wholly or partly owned entities of AMAZON, any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

E. "BORDERS" as used herein, means one of the named defendants Borders Group,

Inc., any parent entities, subsidiaries, divisions, affiliates, branches, wholly or partly owned entities of BORDERS, any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

F. "PATENT-IN-SUIT" as used herein, means U.S. Patent No. 6,330,592, titled "Method, Memory, Product, and Code for Displaying Pre-Customized Content Associated with Visitor Data," dated December 11, 2001.

G. "PATENT SUBJECT MATTER" as used herein, means any method, program(s), application, use, product, or code for displaying pre-customized content associated with user visitor data.

H. "INVENTORS" as used herein, means the inventors listed on the PATENT-IN-SUIT, Michael K. Makuch and Neil Webber.

I. "STORYSERVER" as used herein means YOUR STORYSERVER software product, including all versions and derivatives thereof.

J. "Documents" shall mean the original and all non-identical copies of any written, typed, printed, photocopied, photographic, machine-readable, magnetically or optically recorded matter of any kind, or electronically stored information, including, but not limited to, letters, envelopes, forms, affidavits, correspondence, telegraphs, telecopies, telefaxes, paper communications, electronic communications, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or other transcriptions by mechanical device, by longhand or shorthand recording, tape recorded or by electronic or any other means, computer-generated information, computer software, computer programs, computer code, intra-office communications, interoffice communications, all summaries of oral communications, telephonic or otherwise, microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, contracts, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, worksheets, telexes, cables and all other graphic materials, writings and

instruments, however produced or reproduced. A document includes all documents appended thereto.

K. "Communications" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and entities.

L. The terms "relating to" or "relate to" shall mean concerning, showing, demonstrating, comprising, citing, quoting, regarding, involving, representing, evidencing, constituting, discussing, mentioning, containing, analyzing, supporting, embodying, reflecting, identifying, incorporating, describing, commenting on, referring to, considering, recommending, dealing with or pertaining to in whole or in part.

M. The terms "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Requests.

N. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

O. The term "this ACTION" shall refer to *SBJ Holdings 1, LLC v. Netflix, Inc., et al.*, United States District Court, Eastern District of Texas, Civil Action No. 2:07-cv-120-TJW.

**INSTRUCTIONS**

A. In responding to the following requests, furnish all available documents, including documents in the possession, custody, or control of any of YOUR directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under YOUR control, as well as documents which YOU have a legal right to obtain, not merely documents in the direct possession of VIGNETTE. If you cannot fully respond to the following requests after exercising due diligence to secure the documents requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested

documents.

B. If YOU object to any portion of any request for production of documents, please provide all documents responsive to the portion of the request to which it does not object as soon as possible.

C. Electronic records and computerized information must be produced in native format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

D. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

E. File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

F. Documents attached to each other shall not be separated.

G. If YOU assert that certain documents or things are privileged, please identify:

1. The nature of the privilege;
2. The author(s) of the documents;
3. All recipients of the documents;
4. The date the document was created;
5. The subject matter to which the document pertains; and
6. All persons with access to the documents.

H. The requests contained herein are intended to be continuing in nature so as to require supplementation promptly following the discovery of additional responsive information.

I. If any request is unclear or ambiguous, please do not delay, but contact counsel for Netflix, Amazon, and Borders, immediately for clarification.

J. If YOU consider any documents that YOU are producing to be confidential or highly confidential, please designate them accordingly and such documents will be handled pursuant Patent Local Rule 2-2 of the Eastern District of Texas until entry of a Protective Order.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1. All documents relating to the research, design, development, implementation, operation, evaluation, or testing of STORYSERVER or the PATENT SUBJECT MATTER prior to December 5, 1998, including but not limited to specifications, user manuals, programmer guides, demonstrations, application notes, operating handbooks, operating instructions, datasheets, diagrams, schematics, software, firmware, source code, object code, executable code, software language references, test plans, test procedures, test results, test documents, documents related to shared development projects, press releases, product roadmaps, white papers, marketing collateral, and related communications such as email and memoranda.

2. Documents sufficient to evidence each discussion with, or disclosure to, or other manner of providing to a third party, or sale/license of, offer to sell/license, or other prospective or actual commercialization of, the STORYSERVER product or the PATENT SUBJECT MATTER prior to December 5, 1998, including but not limited to contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta testing agreements, and third party or joint development agreements.

3. All documents and communications relating to the PATENT-IN-SUIT, including but not limited to patent applications, opinions, summaries, descriptions, analysis, notes, notebooks, valuations, drafts, prior art searches, assignments, mortgages, transfers, agreements, licenses, or offers to license.

4. All documents and communications referring or relating to SBJ, NETFLIX, AMAZON or BORDERS.

5. All documents and communications relating to this ACTION, including but not limited documents relating to YOUR interest in this ACTION.